# United States District Court
## Southern District of Indiana

### Laura A. Briggs,
Clerk of the Court

105 U.S. Courthouse
46 East Ohio Street
Indianapolis, Indiana
46204

101 Northwest MLK Boulevard
Evansville, Indiana
47708

210 Federal Building
Terre Haute, Indiana
47808

121 West Spring Street
New Albany, Indiana
47150

June 20, 2008

08cr 375

U.S. District Court
Office of the Clerk
219 South Dearborn Street
Chicago, IL 60604

FILED

JUN 25 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RE:    USA V. TYRONE HOPSON
CAUSE: 1:98-cr-60-01-SEB-KPF

Dear Clerk:

Pursuant to 18:3605, the jurisdiction of the above named
probationer is being transferred to your district.

Enclosed please find certified copies of the docket sheet,
Indictment/Information, Judgment, and Transfer of Jurisdiction
form.

Please acknowledge receipt on the copy of this letter.

Laura A. Briggs, Clerk

Deputy Clerk

cc: USPO
    USA
    USM
    FINANCE

| PROB 22 (Rev. 2/88) | DOCKET NUMBER (Transferring Court) |
|---|---|
| **TRANSFER OF JURISDICTION** | 1:98CR00060-001 |

| | DISTRICT | DIVISION |
|---|---|---|
| NAME & ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | SD/IN | Indianapolis |

Tyrone Hopson

**FILED**

MAY – 7 2008

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

| | NAME OF SENTENCING JUDGE |
|---|---|
| | The Honorable Sarah Evans Barker |

| DATES OF PROBATION/SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 1/15/2007 | 1/14/2010 |

OFFENSE

18 U.S.C. § 922(g)(1) -Felon in Possession of a Firearm
18 U.S.C. § 922(g)(1) - Felon in Possession of Ammunition

**08 CR 375**

**JUDGE JOAN H. LEFKOW**

**MAGISTRATE JUDGE NOLAN**

## PART 1 - ORDER TRANSFERRING JURISDICTION

United States District Court for the Southern District of Indiana

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the __Northern District of Illinois__ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_4/28/08_
Date

_Sarah Evans Barker_
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

United States District Court for the __Northern__ District of __Illinois__

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

MAY – 5 2008
Date

_James F. Holderman_
United States District Judge

USA vs. HOPSON, TYRONE                                              IP98-CR-0060-01-B/F

| OFFENSE | DIST | OFF | CUST | W | J | A | FILEDATE | NO.DEFS | MAG CASE NO | COUNTY | JUDGE | MAG. |
|---------|------|-----|------|---|---|---|----------|---------|-------------|--------|-------|------|
| Felony | 0756 | 1 | CUST | N | N | N | 04 28 98 | 1 | 98-0080M-01 | 18097 | 5607 | 56BA |

Defendant: HOPSON, TYRONE
SS#: 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                         DOB: 01/10/69

        No address available.

Aliases: None

---

I. CHARGES

  1)      18:922G.F                              OFF-LEVEL: 4
          UNLAWFUL TRANSPORT OF FIREARMS, ETC.
          COUNTS: 1, 2
          DISPOSITION: Convicted by Jury after trial
          Prison (mos):     120    Prison code:     S001    Sup. rel: 036
          Probation (mos): 000    Probation code:          Fine:      3000

---

II. KEY DATES

Key Date 1 :    04/02/98    Earliest of:   Appears - on Complaint
Key Date 2 :    04/28/98    Applicable :   Indictment filed
Key Date 3a:    05/06/98    Applicable :   1st appr.\pending charge/R40
Key Date 3b:                Applicable :
Key Date 4 :    08/31/98    Applicable :   Jury Trial (Voir Dire) Began

Closed Date:    12/07/98

---

ATTORNEYS

U. S. Attorney or Asst.

  DONNA R EIDE

Defense at filing:  (2)  Retained

  JACK CRAWFORD
  CRAWFORD & RADER
  1050 N COLLEGE AVE
  INDIANAPOLIS      IN  46202
  (317)262-1052  Fax:(317)262-1073

CERTIFIED:
A TRUE COPY
U.S. DISTRICT COURT SOUTHERN DISTRICT OF INDIANA
CLERK OR DEPUTY
LAURA A. BRIGGS
CLERK

---

UNITED STATES DISTRICT COURT DOCKET                    Date Printed: 06/20/08

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 03/27/98 | 1 | COMPLAINT and affidavit approved and signed by Magistrate Foster eod 03/27/98 [CBU] |
| 03/27/98 | 2 | WARRANT ISSUED by Magistrate Foster eod 03/27/98 [CBU] |
| 04/02/98 | 3 | COURTROOM MINUTES of a hearing held before Mag. Judge Foster eod 04/02/98 [MHK] |
| 04/02/98 | = | INITIAL APPEARANCE ON COMPLAINT  eod 04/02/98 [MHK] |
| 04/02/98 | = | DEFT APPEARS IN PERSON AND appt. counsel FCD Steve Riggs eod 04/02/98 [MHK] |
| 04/02/98 | = | APPEARANCE FOR THE USA BY AUSA Donna Eide eod 04/02/98 [MHK] |
| 04/02/98 | = | USPO Represented by Thomas Parker eod 04/02/98 [MHK] |
| 04/02/98 | = | CHARGES & RIGHTS and Penalties were read and explained.  Govt. orally moves for temporary detention and same granted.  Probable cause and detention hearing set for 4/7/98 at 2:30 p.m. before Mag. Judge Foster. eod 04/02/98 [MHK] |
| 04/02/98 | = | DEFT REMANDED TO CUSTODY of U. S. Marshals pending further proceedings before the Court. (KPF) eod 04/02/98 [MHK] |
| 04/07/98 | 4 | COURTROOM MINUTES of a probable cause and detention hearing held before Magistrate Foster eod 04/08/98 [CBU] |
| 04/07/98 | = | DEFT APPEARS IN PERSON AND w/FCD William Marsh eod 04/08/98 [CBU] |
| 04/07/98 | = | APPEARANCE FOR THE USA BY AUSA Donna Eide eod 04/08/98 [CBU] |
| 04/07/98 | = | USPO Represented by Thomas Parker eod 04/08/98 [CBU] |
| 04/07/98 | = | PROBABLE CAUSE HEARING held and probable cause is found. Detention hearing held and deft is ordered detained. eod 04/08/98 [CBU] |
| 04/07/98 | = | DEFT REMANDED TO CUSTODY of the USMS pending further proceedings before the Court eod 04/08/98 [CBU] |
| 04/07/98 | 5 | USM RETURN arrest executed on 4/2/98 eod 04/08/98 [CBU] |
| 04/07/98 | 6 | RETAINED COUNSEL Reuben Hill on behalf of the deft eod 04/08/98 [CBU] |
| 04/17/98 | 7 | ENTRY AND ORDER OF DETENTION PENDING TRIAL c/m (KPF) eod 04/17/98 [MHK] |
| 04/28/98 | 8 | INDICTMENT FILED  eod 04/29/98 [DLD] |
| 04/28/98 | 9 | PRAECIPE for Warrant eod 04/29/98 [DLD] |
| 04/28/98 | 10 | CRIM INFO SHEET  eod 04/29/98 [DLD] |
| 01/29/98 | 11 | NGPL ORDER ASSIGNS JURY TRIAL to 06/29/98 at 09:30AM Room 216 (SEB) c/m  eod 04/29/98 [DLD] |
| 04/29/98 | 12 | WARRANT ISSUED  eod 04/29/98 [DLD] |
| 05/06/98 | 13 | USM RETURN - warrant received on 4/29/98 and executed on 5/6/98 eod 05/06/98 [MAC] |
| 05/06/98 | 14 | COURTROOM MINUTES of a hearing held before Magistrate Foster eod 05/07/98 [CBU] |
| 05/06/98 | = | DEFT APPEARS IN PERSON AND w/retained counsel Reuben Hill eod 05/07/98 [CBU] |
| 05/06/98 | = | INITIAL APPEARANCE ON INDICTMENT/INFORMATION  eod 05/07/98 [CBU] |
| 05/06/98 | = | APPEARANCE FOR THE USA BY AUSA Donna Eide eod 05/07/98 [CBU] |
| 05/06/98 | = | USPO Represented by no one at this hearing eod 05/07/98 [CBU] |
| 05/06/98 | = | CHARGES & RIGHTS and penalties were read and explained. Deft waives formal arraignment eod 05/07/98 [CBU] |
| 05/06/98 | = | DEFT REMANDED TO CUSTODY of the USMS pending further proceedings before the Court eod 05/07/98 [CBU] |
| 06/19/98 | 15 | MOTION TO CONTINUE Jury Trial set for 6/29/98 c/s - DEFT Hopson eod 06/22/98 [MAC] |
| 06/19/98 | 16 | PRAECIPE for Transcript of the Probable Cause and Detention |

UNITED STATES DISTRICT COURT DOCKET                    Date Printed: 06/20/08

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| 06/23/98 | 17 | Hearing held 4/7/98 c/s - DEFT Hopson eod 06/22/98 [MAC] ORDER GRANTS deft's Motion to Continue Jury Trial set for 6/29/98; the period of delay resulting from this continuance shall be excluded in computing the time within which the trial must commence. cm SEB eod 06/24/98 [MAC] |
| 06/23/98 | = | ORDER VACATES JURY TRIAL of 06/29/98 at 09:30AM Room 216 (SEB) c/m  eod 06/24/98 [MAC] |
| 06/23/98 | = | ORDER REASSIGNS JURY TRIAL to 07/20/98 at 09:30AM Room 216 (SEB) c/m  eod 06/24/98 [MAC] |
| 06/30/98 | 18 | MOTION to Produce Fingerprint Exemplars of the deft c/s - PLTF USA eod 07/01/98 [MAC] |
| 07/01/98 | 19 | ORDER GRANTS pltfs Motion to Produce Fingerprint Exemplars of the deft. cm SEB eod 07/02/98 [MAC] |
| 07/02/98 | 20 | MOTION to Withdraw Appearance by Reuben B. Hill on behalf of deft c/s - DEFT Hill eod 07/02/98 [MAC] |
| 07/02/98 | 21 | ORDER GRANTS Motion to W/D Appearance by Reuben B. Hill on behalf of deft. Replacement counsel must be retained w/i 15 days.  cm SEB eod 07/06/98 [MAC] |
| 07/10/98 | 22 | RETAINED COUNSEL Jack F. Crawford enters appearance on behalf of deft - DEFT Hopson eod 07/13/98 [MAC] |
| 07/14/98 | 23 | MOTION TO CONTINUE Jury Trial set for 7/20/98 c/s - DEFT Hopson eod 07/15/98 [MAC] |
| 07/16/98 | 24 | ORDER GRANTS deft's Motion for Continuance of Jury Trial.  cm SEB eod 07/16/98 [MAC] |
| 07/16/98 | = | ORDER VACATES JURY TRIAL of 07/20/98 at 09:30AM Room 216 (SEB) c/m  eod 07/16/98 [MAC] |
| 07/16/98 | = | ORDER REASSIGNS JURY TRIAL to 08/31/98 at 09:30AM Room 216 (SEB) c/m  eod 07/16/98 [MAC] |
| 08/11/98 | 25 | Stipulation of the Parties of prior conviction of the deft for purposes of Trial - JOINT Parties eod 08/11/98 [MAC] |
| 08/28/98 | 26 | Stipulations (Additional)  of the Parties for Trial - JOINT Parties eod 08/28/98 [MAC] |
| 08/28/98 | 27 | JURY INSTRUCTIONS (Proposed) c/s - PLTF USA eod 08/28/98 [MAC] |
| 08/28/98 | 28 | EXHIBITS submitted in support of Govt's Proposed Jury Instruction Number 18 c/s - PLTF USA eod 08/28/98 [MAC] |
| 08/28/98 | 29 | STIPULATED FACTS for Trial - JOINT Parties eod 08/31/98 [MAC] |
| 08/31/98 | 30 | COURTROOM MINUTES -Deft files-Motion in limine c/s; Tendered jury instructions c/s; Response to govts submission c/s; Govt files-Tendered voir dire; witness list c/s. Ruling on defts motion in limine; govt accedes. Defts motion to suppress evidence is denied as untimely. Separation of witnesses as ordered. eod 09/01/98 [CBU] |
| 08/31/98 | = | TRIAL COMMENCES Before Judge Barker-Prospective jurors sworn; Jurors selected and sworn; Opening statements from both parties; Pltf presents evidence and rests; Deft presents evidence and rests. eod 09/01/98 [CBU] |
| 09/01/98 | 31 | COURTROOM MINUTES - Jury Trial Continues.  Final Arguments by parties.  Court gives Final Instructions.  Bailiff sworn and the jury retires to deliberate.  Verdict returned in open Court - jury finds deft guilty of both counsel as charged.  Deft remanded to custody of the U.S. Marshal.  Exhibits 22-26 and G are released to the U.S. Photographs substituted.  SEB eod 09/02/98 [MAC] |
| 09/01/98 | 32 | JURY INSTRUCTIONS (Courts Final) eod 09/02/98 [MAC] |

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 09/01/98 | 33 | VERDICT - we, the jury, unanimously find the deft Tyrone Hopson Guilty on Count 1 and Count 2 signed and dated 9/1/98 by Foreman eod 09/02/98 [MAC] |
| 09/08/98 | 34 | MOTION for a New Trial c/s - DEFT Hopson eod 09/08/98 [MAC] |
| 09/08/98 | 35 | MEMORANDUM in support of Motion for a New Trial c/s - DEFT Hopson eod 09/08/98 [MAC] |
| 09/15/98 | 36 | OPPOSITION to deft's Motion for New Trial c/s - PLTF USA eod 09/16/98 [MAC] |
| 09/21/98 | 37 | TRANSCRIPT of Jury Trial Excerpt (Motion to Suppress) on 8/31/98 - One Volume eod 09/21/98 [MAC] |
| 10/08/98 | 38 | RESPONSE to Govt's Opposition to deft's Motion for New Trial c/s - DEFT Hopson eod 10/08/98 [MAC] |
| 10/26/98 | 39 | ENTRY DENYING deft's Motion for a New Trial (S.E.) cm SEB eod 10/27/98 [MAC] |
| 10/26/98 | 40 | ENTRY ASSIGNS SENTENCING DATE to 11/24/98 at 02:00PM Room 216 (SEB) c/m  eod 10/27/98 [MAC] |
| 11/18/98 | 41 | ENTRY DIRECTS Parties to come to the sentencing prepared to address the issues covered in paragraph 70 of the presentence report.  cm SEB eod 11/18/98 [MAC] |
| 11/23/98 | 42 | MEMORANDUM in support of an Upward Departure from the Sentencing Guideline Range c/s - PLTF USA eod 11/23/98 [MAC] |
| 11/23/98 | 43 | MOTION TO CONTINUE Sentencing Hearing set for 11/24/98 c/s - DEFT Hopson eod 11/23/98 [MAC] |
| 11/23/98 | 44 | OBJECTION to Presentence Investigation Report c/s - DEFT Hopson eod 11/23/98 [MAC] |
| 11/23/98 | 45 | ENTRY and Order Grants deft's Motion to Continue Sentencing Hearing.  cm SEB eod 11/24/98 [MAC] |
| 11/23/98 | = | ENTRY VACATES SENTENCING DATE of 11/24/98 at  2:00PM Room 216 (SEB) c/m  eod 11/24/98 [MAC] |
| 11/23/98 | = | ENTRY REASSIGNS SENTENCING DATE to 12/03/98 at 10:00AM Room 216 (SEB) c/m eod 11/24/98 [MAC] |
| 11/25/98 | 46 | RESPONSE to deft's Objection to the Presentence Report c/s - PLTF USA eod 11/25/98 [MAC] |
| 12/03/98 | 47 | COURTROOM MINUTES - Sentencing Hearing; eod 12/03/98 [MAC] |
| 12/03/98 | = | APPEARANCE FOR THE USA BY AUSA D. Eide eod 12/03/98 [MAC] |
| 12/03/98 | = | DEFT APPEARS IN PERSON AND with private counsel J. Crawford eod 12/03/98 [MAC] |
| 12/03/98 | = | USPO Represented by B. Roembke eod 12/03/98 [MAC] |
| 12/03/98 | = | COURT REPORTER K. Andrews eod 12/03/98 [MAC] |
| 12/03/98 | = | SENTENCING HELD  eod 12/03/98 [MAC] |
| 12/03/98 | 48 | JUDGMENT ENTERED COUNT/FINDING: 18:922(g)(1) Felon in Possession of a Firearm, 18:922 (g)(1) Felon in Possession of Ammunition IMPRISONMENT: 120 months SUPERVISED RELEASE: 36 months Standard & Special conditions of Supervision - See Judgment ASSESSMENT: 100.00 FINE: 3,000.00 cm SEB OBV 32 PG 220 eod 12/07/98 [DLD] |
| 12/14/98 | 49 | NOTICE OF APPEAL from final judgment entered 12/04/98 c/s DEFT eod 12/14/98 [GRN] |
| 12/14/98 | 50 | APPEAL FEES PAID RECEIPT # 33493 eod 12/14/98 [GRN] |
| 12/14/98 | 51 | DOCKETING STATEMENT c/s DEFT eod 12/14/98 [GRN] |
| 12/14/98 | 52 | SHORT RECORD SENT TO CA w Notice, Info Sheet & Docket Sheet Designation of record letter sent to parties. eod 12/14/98 [GRN] |
| 12/18/98 | 53 | TRANSCRIPT of Jury Trial Instruction Conference on 9/1/98 - One Volume eod 12/18/98 [MAC] |
| 12/18/98 | 54 | TRANSCRIPT of Jury Trial on 8/31/98 - One Volume eod 12/18/98 |

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| | | [MAC] |
| 12/21/98 | 55 | ACK FROM CA SHORT RECORD received & assigned CA # 98-4206   eod 12/22/98 [TMA] |
| 12/24/98 | 56 | DESIGNATION OF RECORD c/s DEFT/APPELLANT eod 12/28/98 [GRN] |
| 01/04/99 | 57 | SEVENTH CIRCUIT TRANSCRIPT INFORMATION SHEET PT Hrg on mot to suppress Evidence (held 8/31/98) c/s DEFT eod 01/05/99 [GRN] |
| 02/12/99 | 58 | ENTRY - Comes now counsel for government and withdraws the trial exhibits in this cause, for the purpose of preparing an appellate brief.   cm SEB eod 02/12/99 [MAC] |
| 02/12/99 | 59 | ENTRY - Comes now counsel for government and returns trial exhibits previously withdrawn.   cm SEB eod 02/16/99 [MAC] |
| 03/29/99 | 60 | LONG RECORD SENT TO CA consisting of 1 vol pleadings, 1 envelope exhibits, 3 vols transcripts, and 1 In Camera envelope, per letter request. eod 03/29/99 [TMA] |
| 04/02/99 | 61 | ACK FROM CA LONG RECORD RECEIVED on 3/31/99 eod 04/02/99 [TMA] |
| 07/26/99 | 62 | MANDATE RECEIVED FROM CA. The judgment of the district court is AFFIRMED, in accordance with the decision of the CA entered 7/01/99.   Received certified copy of opinion and judgment. Records to be returned at a later date. eod 07/27/99 [GRN] |
| 07/28/99 | 63 | APPEAL RECORD returned from CA consisting of 1 vol pleadings, 3 vols transcripts, 1 envelope exhibits & 1 In Camera Envelope. eod 07/28/99 [GRN] |
| 07/29/99 | 64 | Clerk's Entry for 7/29/99, advising counsel of release of exhibits. eod 07/29/99 [GRN] |
| 08/06/99 | 65 | Receipt for return of Exhibits to USA. eod 08/09/99 [GRN] |
| 06/19/00 | 66 | MOTION (request) for copies of search warrant, and supporting documents, to include affidavit for probable cause, affidavit for search warrant and receipt for items seized - DEFT eod 06/20/00 [SWM] |
| 06/30/00 | 67 | ENTRY Directing further proceedings; the deft's request to be supplied with copies of a search warrant and documents related to the execution of the search warrant is Denied. (S.E.) cm SEB eod 06/30/00 [MAC] |
| 09/15/00 | 68 | MOTION to Compel Government to Produce certified copies of affidavit for probable cause, search warrant affidavit informant, and search warrant c/s - DEFT Hopson eod 09/18/00 [MAC] |
| 09/22/00 | 69 | ENTRY DENIES deft's Motion for Certified Copies, without prejudice. (S.E.) cm SEB eod 09/25/00 [MAC] |
| 11/01/00 | 70 | MOTION (Petition) for Transcripts of Detention Hearing, Opening and Closing Statements of both Government and Defense, and Copy of Jury Instructions no c/s - DEFT Hopson eod 11/01/00 [MAC] |
| 11/07/00 | 71 | ENTRY DENIES in part and GRANTS in part deft's Petition for Transcripts.   The request is denied as to the materials which are not already in existence and granted as to the request for a copy of the jury instructions. (S.E.) cm SEB eod 11/08/00 [MAC] |
| 12/19/00 | 72 | MOTION to Vacate, Set Aside, or Correct Sentence pursuant to 28 USC Section 2255 (see CIVIL CAUSE NO. IP00-1947-C-B/F for further proceedings). - DEFT Hopson eod 12/19/00 [MAC] |
| 05/17/02 | 73 | ENTRY DENIES deft's Motion for Relief pursuant to 28 U.S.C. Section 2255 and Directs Entry of Judgment. (S.E.) cm SEB eod 05/17/02 [MAC] |
| 05/17/02 | 74 | JUDGMENT - pursuant to Entry the deft shall take nothing by his Motion for Relief; the civil action docketed as IP00-1814-C-B/F |

UNITED STATES DISTRICT COURT DOCKET                    Date Printed: 06/20/08

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| | | is Dismissed with prejudice.  cm SEB OBV 36 PG 101 eod 05/17/02 [MAC] |
| 07/23/02 | 75 | DESIGNATION OF RECORD [re: the appeal filed in IP00-1947-C-B/F] c/s USA eod 07/25/02 [GRN] |
| 01/15/04 | 76 | DEFENDANT'S EXHIBITS destroyed on this date. eod 01/15/04 [TMA] |
| 09/02/04 | 77 | DECLARATION in support of Request to Proceed In Forma Pauperis - DEFT Hopson eod 09/02/04 [MAC] |
| 09/02/04 | 78 | MOTION for Return of Seized Property - DEFT Hopson eod 09/02/04 [MAC] |
| DELETED | *** | MEMORANDUM - DEFT Hopson eod 09/02/04 [MAC] Deleted: WRONG DOCKET 10/18/04 [MAC] |
| 09/03/04 | 80 | ENTRY Directing further proceedings; a copy of deft's Motion for Return of Seized Property shall be distributed.  Deft's request to proceed In forma Pauperis is Denied.  The United States shall have to 10/14/04 to respond to deft's Motion and deft shall have to 11/10/04 to reply. (S.E.)  cm SEB eod 09/07/04 [MAC] |
| 10/05/04 | 81 | RESPONSE to deft's Motion for Return of Seized Property pursuant to Rule 41(e) of the Fed. Rules of Criminal Procedure c/s - PLTF USA eod 10/05/04 [MAC] |
| 11/01/04 | 82 | REPLY to Govt's Motion c/s - DEFT Hopson eod 11/01/04 [MAC] |
| 11/04/04 | 83 | ENTRY DENIES deft's Motion for Return of Property. (S.E.) cm SEB eod 11/05/04 [MAC] |
| 04/24/08 | 84 | USPO Petition requesting Modification of Conditions or Term of Supervision with Consent of the Offender (J. Nutter) eod 04/24/08 [MAC] |
| 04/25/08 | 85 | USPO Petition Requesting Transfer of Jurisdiction of Supervision to USDC ND/IL eod 04/25/08 [MAC] |
| 04/25/08 | 86 | ENTRY APPROVES USPO Request to Modify Conditions or Term of Supervision as noted. cc: USA USM USPO (SEB) eod 04/28/08 [MAC] |
| 04/28/08 | 87 | ENTRY APPROVES USPO Request to Transfer Jurisdiction of Supervision to the USDC ND/IL.  cc: USA USM USPO ND/IL (SEB) eod 04/28/08 [MAC] |
| 06/20/08 | 88 | TRANSFER OF JURISDICTION OF PROBATION (OUT) to the USDC ND/IL Cause No. 08CR375.  Records sent. cc: USA USM USPO eod 06/20/08 [MAC] |

USA
USPO
USM
Riff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

1998 APR 28 PM 4:51

UNITED STATES OF AMERICA,       )
            Plaintiff,          )
        v.                      )        Cause No. IP 98-60-CR-01  B/F
                                )
TYRONE HOPSON, a/k/a            )
TYRONE BANKS,                   )
            Defendant           )

INDICTMENT

COUNT ONE

The Grand Jury charges that:

On or about March 26, 1998, in the Southern District of Indiana, TYRONE HOPSON, also known as TYRONE BANKS, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, that is:

A.  On or about October 6, 1986, TYRONE HOPSON was convicted in a Cook County, Illinois court for receiving, possessing or selling stolen motor vehicle parts;

B.  On or about October 6, 1987, TYRONE HOPSON was convicted in a Cook County, Illinois court of receiving, possessing or selling stolen motor vehicle parts;

C.  On or about December 6, 1989, TYRONE HOPSON was convicted in a Cook County, Illinois court of delivery of a controlled substance and armed violence;

CERTIFIED
A TRUE COPY
CLERK OF DEPUTY
LAURA A. BRIGGS
CLERK

8

D.  On or about July 20, 1993, TYRONE HOPSON was convicted in a Cook County, Illinois court of possession of stolen property;

E.  On or about December 9, 1993, TYRONE HOPSON was convicted in a Cook County, Illinois court of burglary;

did knowingly receive and possess in commerce and affecting commerce a firearm, to-wit:  a Intratec, .45 caliber handgun, bearing serial number 002905, in violation of Title 18, United States Code, Section 922(g)(1).

<u>COUNT TWO</u>

The Grand Jury further charges that:

On or about March 26, 1998, in the Southern District of Indiana, TYRONE HOPSON, also known as TYRONE BANKS, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, that is:

A.  On or about October 6, 1986, TYRONE HOPSON was convicted in a Cook County, Illinois court for receiving, possessing or selling stolen motor vehicle parts;

B.  On or about October 6, 1987, TYRONE HOPSON was convicted in a Cook County, Illinois court of receiving, possessing or selling stolen motor vehicle parts;

C.  On or about December 6, 1989, TYRONE HOPSON was convicted in a Cook County, Illinois court of delivery of a controlled substance and armed violence;

D.  On or about July 20, 1993, TYRONE HOPSON was convicted in a Cook County, Illinois court of possession of stolen property;

E.  On or about December 9, 1993, TYRONE HOPSON was convicted in a Cook County, Illinois court of burglary;

did knowingly receive and possess in commerce and affecting commerce firearm ammunition, to-wit: .44 caliber ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

A TRUE BILL:

JUDITH A. STEWART
United States Attorney

Donna R. Eide
Assistant U.S. Attorney

FORM DRD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

____ SOUTHERN ____ District of ____ INDIANA ____

____ INDIANAPOLIS ____ Division

## THE UNITED STATES OF AMERICA

vs.

____ TYRONE HOPSON a/k/a TYRONE BANKS ____

## INDICTMENT

FELON IN POSSESSION OF FIREARMS

TITLE 18, UNITED STATES CODE, SECTION 922(g)(1)

Bail $ _____

_____ Clerk

USM
USA

Visic
Crawford
Inderna

# *United States District Court*

## SOUTHERN DISTRICT OF INDIANA

*CERTIFIED:
A TRUE COPY*

*CLERK OR DEPUTY*

LAURA A. BRIGGS
CLERK

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**v.** | **JUDGMENT IN A CRIMINAL CASE**<br>*(For Offenses Committed On or After 11/1/87)* |

Tyrone Hopson
(Name of Defendant)

Case Number:   IP 98-60-CR-01

Jack Crawford
Defendant's Attorney

**THE DEFENDANT:**

[ ]   *pleaded guilty to count(s)* _____ .
[ ]   *pleaded nolo contendere to count(s)* _____ *which*
      *was/were accepted by the Court.*
[x]   *was found guilty on count(s)*  1 and 2
      *after a plea of not guilty.*

| Title & Section<br>Number(s) | Nature of Offense | Date Offense<br>Concluded | Count |
|---|---|---|---|
| 18:922(g)(1) | Felon in Possession<br>of a Firearm | 03/26/98 | 1 |
| 18:922(g)(1) | Felon in Possession<br>of Ammunition | 03/26/98 | 2 |

   *The defendant is sentenced as provided in pages 2 through  6  of this*
*judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of*
*1984.*

[ ]   *The defendant has been found not guilty on count(s)* _____ .
[ ]   *Count(s)* _____ *(is)(are) dismissed on the*
      *motion of the United States.*

   *IT IS FURTHER ORDERED that the defendant shall notify the United*
*States Attorney for this district within 30 days of any change of name,*
*residence, or mailing address until all fines, restitution, costs, and*
*special assessments imposed by this Judgment are fully paid.*

December 3, 1998
*Date of Imposition of Judgment*

*Sarah Evans Barker*
*Signature of Judicial Officer*

Honorable Sarah Evans Barker
Chief Judge, U. S. District Court
*Name and Title of Judicial Officer*

*Defendant's residence address:*

Same as above
_____
_____

December 4, 1998
*Date*

OBV 32 PG 220

48

*Judgment--Page  2   of  6*

Defendant:      Tyrone Hopson
Case Number:    IP 98-60-CR-01

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States
Bureau of Prisons to be imprisoned for a term of:  120 months.  Count 2 is
merged with Count 1 for sentencing purposes.

[ ]  The Court makes the following recommendations to the Bureau of Prisons:

[x]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this
     district,

     [ ]  at _____ a.m./p.m. on _____.

     [ ]  as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the
     institution designated by the Bureau of Prisons,

     [ ]  before 2:00 p.m. on _____.

     [ ]  as notified by the United States Marshal.

     [ ]  as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this
judgment.

                              _____
                              United States Marshal

                         By _____
                              Deputy Marshal

*Judgment--Page   3   of   6*

Defendant:        Tyrone Hopson
Case Number:      IP 98-60-CR-01

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:  3 years.

> The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
>
> While on supervised release, the defendant shall not commit another federal, state, or local crime.
>
> While on supervised release, the defendant shall not illegally possess a controlled substance.

[X]    While on supervised release, the defendant shall not possess a firearm or destructive device.

> If this Judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic tests thereafter, as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the following additional conditions:

1.)    The defendant shall provide the probation officer access to any requested financial information.
2.)    The defendant is prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.
3.)    The defendant shall submit to the search of his person, vehicle, office/business, residence and property by the probation officer and to seizure of any contraband found, including illegal drugs and weapons. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.
4.)    The defendant shall not be a member of any gang (Outlaw Motorcycle Club, KKK, tax protest group, etc.) or associate with individuals who are members.

**See Page 3a for STANDARD CONDITIONS OF SUPERVISION**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
JUDGMENT IN A CRIMINAL CASE

Defendant:      Tyrone Hopson
Case Number:    IP 98-60-CR-01
Page 3a

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 B (7/93) Modified (11/94) Sheet 5, Part A - Financial Penalties

Judgment--Page __4__ of __6__

Defendant:      Tyrone Hopson
Case Number:    IP 98-60-CR-01

### FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| 1 | $100.00 | $3,000.00 | |
| | | | |
| Totals: | $100.00 | $3,000.00 | |

### FINE

The fine includes any costs of incarceration and/or supervision.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[x]  The Court has determined that the defendant does not have the ability to pay interest. It is ordered that:

  [x]  The interest requirement is waived.

  [ ]  The interest requirement is modified as follows:

### RESTITUTION

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution | Priority Order of Payment |
|---------------|----------------------|---------------------------|
| | | |

Each restitution payment shall be divided proportionately among the payees named unless specified in the priority payment column above.

AO 245B (7/93) Modified (11/94) Sheet 5, Part B - Financial Penalties

*Judgment--Page  5   of  6*

Defendant:      Tyrone Hopson
Case Number:    IP 98-60-CR-01

### SCHEDULE OF PAYMENTS

*Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.*

*The total fine and other monetary penalties shall be due as follows:*

[x]  *in full immediately.*

[ ]  *in full not later than* _____.

[ ]  *in* _____ *installments of $_____ over a period of* _____ *to commence 30 days after the date of this judgment.  If this judgment imposes a period of incarceration, payment shall be due during the period of incarceration.*

[ ]  *in installments to commence 30 days after the date of this judgment.  If this judgment imposes a period of incarceration, payment shall be due during the period of incarceration.  During a period of probation or supervised release supervision payment of any unpaid balance shall be a condition of supervision and the U.S. Probation Officer shall establish and may periodically modify the payment schedule provided that the entire financial penalty is paid no later than the termination of supervision but in no event no later than 5 years after release from incarceration.*

[ ]  *The defendant shall pay the costs of prosecution.*

[ ]  *The defendant shall forfeit the defendant's interest in the following property to the United States.*

*All financial penalty payments are to be made to the Clerk of Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.*